MARRA, KENNETH A., Associate Judge.
The underlying action was initiated by Appellee, Ah Jacobson, f/k/a Arline Hoch-hauser Strauss, against Appellant, Byron L. Hochhauser, individually and as Trustee of the Jacob Hochhauser Testamentary Trust. Appellee was a named beneficiary under a testamentary trust created by her father, Jacob Hochhauser. Appellant, Byron L. Hochhauser, was the son of the decedent and the brother of Appellee. He was the named trustee under the trust. The major asset of the trust was a shopping center located in the state of Pennsylvania.
Appellee is the owner of a 24.42% beneficial interest in the trust. She sued appellant alleging breach of fiduciary duty. The trial court entered an extensive final judgment finding that appellant had breached his fiduciary duty relative to the Trust by: (1) failing to distribute the corpus of the Trust in accordance with its express provisions; (2) entering into substandard leases with a majority of the tenants of the shopping center; (3) collecting excess and unauthorized fees for his services as trustee; (4) improperly borrowing money from the Trust; (5) faffing to distribute income as required by the provisions of the Trust; and (6) improperly distributing to himself income in excess of that to which he was entitled. We conclude that, with the exception of the finding regarding substandard leases, the final judgment is affirmed in all respects.
The trial court found that appellant had breached his fiduciary duty by entering into substandard leases with a majority of the tenants of the shopping center in that he did not obtain triple net leases,[1] and that the leases did not provide for rent increases which kept up with inflation. Because of these deficiencies, the trial court found that many expenses, which *234 otherwise would have been passed on to the tenants, were incurred by the Trust. Thus, the trial court found that the Trust lost a total of $218,671.08.
A review of the record, however, demonstrates that there was no evidence presented to the trial court indicating that it was standard in the rental market for the shopping center to negotiate and obtain triple net leases from the tenants, or that the rents actually negotiated by appellant fell below the reasonable industry standard for that economic market. Furthermore, the record evidence demonstrated that some of the costs which the trial court concluded were negligently incurred by the Trust were, in fact, included in the rental payments made by the tenants.
Because there was insufficient evidence that appellant was negligent in failing to obtain triple net leases from the tenants, and because the record does not support the damage award attributable to this alleged breach, the final judgment in the amount of $58,399.47 is reversed.[2] The final judgment is affirmed in all other respects. The case is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN, C.J. and STONE, J„ concur.

. Under a triple net lease, the tenant is obligated to pay all taxes, insurance and cost of maintenance on the leased premises. Snead v. U.S. Trucking Corp., 380 So.2d 1075, 1078 n. 1 (Fla. 1st DCA), rev. denied, 389 So.2d 1116 (Fla.1980).

. This figure represents the percentage of the appellee's ownership interest in the total amount of $218,671.08 found by the trial court to have been lost by the Trust. To the extent this aspect of the final judgment could be construed as entitling the other beneficiaries of the trust to their proportionate share of this award, the judgment is also reversed.